Citation Nr: 1617321 
Decision Date: 04/29/16 Archive Date: 05/04/16

DOCKET NO. 10-43 552 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan



THE ISSUES

1. Entitlement to an evaluation in excess of 20 percent for residuals of a right meniscectomy. 

2. Entitlement to a total disability rating based upon individual unemployability due to service-connected disability (TDIU). 



REPRESENTATION

Appellant represented by: Disabled American Veterans



ATTORNEY FOR THE BOARD

S. Krunic, Associate Counsel
INTRODUCTION

The Veteran served in the Kansas Army National Guard from September 1958 to July 1960 and had a period of active duty from October 1958 to April 1959. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an August 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

The Board remanded the case for further development in February 2013. The case has since been returned to the Board for appellate review.

This appeal was processed using the Virtual VA and Veterans Benefits Management System (VBMS) paperless claims processing system. Accordingly, any future consideration of this Veteran's case should take into consideration the existence of this electronic record. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In accordance with the February 2013 remand, the Veteran was scheduled for a VA examination in May 2013; however, the record reflects that he failed to report for the examination. 

Nevertheless, the claims file does not include a letter notifying the Veteran of the date, time, and location of the scheduled examination. A March 2013 letter did inform him that a VA medical facility would notify him of the date, time, and place of his VA examination. However, the record does not include a subsequent letter providing him with such information. 

The Board is mindful of the provisions of 38 C.F.R. § 3.655 regarding action to be taken when a veteran fails to report for a scheduled VA examination "when entitlement to a benefit cannot be established" without the scheduled examination. 38 C.F.R. §§ 3.655(a), (b) (2015). In this case, however, it is unclear whether the Veteran was properly notified, and there is no published guidance establishing the presumption of regularity in such a situation. See Kyhn v. Shinseki, 716 F.3d 572 (Fed. Cir. 2013). Thus, the Board finds that the Veteran should be afforded another opportunity to appear for a VA examination in connection with his claim, and if he does not report, the file should be properly documented regarding notice of the appointment.

Moreover, the claim for TDIU is inextricably intertwined with the increased rating claim. Accordingly, a remand is required for the AOJ to adjudicate the inextricably intertwined issues.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. The AOJ should contact the Veteran and his representative to confirm his current mailing address and document such efforts in the claims file.

2. The AOJ should request that the Veteran provide the names and addresses of any and all health care providers who have provided treatment for his service-connected right knee disability. After acquiring this information and obtaining any necessary authorization, the AOJ should obtain and associate these records with the claims file.

The AOJ should also secure any relevant VA treatment records.

3. The Veteran should be afforded a VA examination to ascertain the current severity and manifestations of his service-connected right knee disability. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file. 

The examiner should note that the Veteran is competent to attest to factual matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should report all signs and symptoms necessary for rating the Veteran's disability. In particular, he or she should provide the range of motion of the right knee in degrees and indicate whether there is any ankylosis; dislocated semilunar cartilage with frequent episodes of locking, pain, and effusion to the joint; or, symptomatic removal of semilunar cartilage. He or she should also address whether the Veteran has recurrent subluxation or lateral instability, and if so, comment as to whether such symptomatology is slight, moderate, or severe. The examiner should further state whether there is any malunion or nonunion of the tibia and fibula.

The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability due to these factors (including any additional loss of motion).

The examiner should also describe the effect of the Veteran's right knee disability on his occupational functioning and his daily activities.

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Because it is important "that each disability be viewed in relation to its history[,]" 38 C.F.R. § 4.1, copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available for review.

4. After completing these actions, the AOJ should conduct any other development as may be indicated by a response received as a consequence of the actions taken in the preceding paragraphs.
 
5. When the development requested has been completed, the case should be reviewed by the AOJ on the basis of additional evidence received. If the benefits sought are not granted, the Veteran should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).